UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTONE J. PERREIRA and<br>KAREN A. PERREIRA,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON as<br>Trustee for the certificateholders of<br>CWABS, Inc. asset backed certificates<br>series 2006-6, DITECH FINANCIAL LLC,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>and MERSCORP HOLDINGS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 16-11467-LTS |

ORDER ON MOTION TO DISMISS (DOC. NO. 17)

November 28, 2016

SOROKIN, J.

　　Antone and Karen Perreira filed suit (1) seeking a declaratory judgment that the Bank of New York Mellon (BNY Mellon) cannot utilize the statutory remedy under Mass. Gen. Laws ch. 244, § 14, (2) asserting that Ditech Financial violated Mass. Gen. Laws ch. 93A by not accurately certifying the mortgage, (3) alleging slander of title by BNY Mellon, Mortgage Electronic Registration Systems, Inc. (MERS), and MERSCORP Holdings, LLC because MERS falsely recorded the ownership of the mortgage, and (4) seeking a declaratory judgment against BNY Mellon, MERS, and MERSCORP that the Plaintiffs' mortgage is obsolete under Mass. Gen. Laws ch. 260, § 33. Defendants filed a Motion to Dismiss, Doc. No. 17, Plaintiffs

responded, Doc. No. 21, and Defendants replied, Doc. No. 24. For the reasons stated below, the Motion to Dismiss is ALLOWED.

FACTS

On December 30, 2006, Antone Perreira entered into a loan agreement with Residential Finance Corporation (RFC). Perreira signed a promissory note in the amount of $338,000, made payable to RFC. At the same time, Perreira signed a mortgage naming RFC as the lender and allowing MERS to act as nominee on the mortgage.

Bank of America's Loan Counseling Center sent Plaintiffs a Notice of Intention to Foreclose on May 28, 2010, on behalf of Defendants informing Plaintiffs that the loan was "in serious default" and that they owed $54,307.08. Doc. No. 1-4 at 6. The letter stated that "[i]f the default is not cured on or before June 27, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." Id.

On July 27, 2011, MERS executed an assignment of the mortgage to BNY Mellon. Doc. No. 1-4 at 11. The assignment lists MERS as the "holder of a Mortgage" and states that MERS is granting "all beneficial interest under [the Perreira mortgage] together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage." Id. The document was recorded at the Bristol County Registry of Deeds on October 17, 2011. Id.

Plaintiffs claims are based on that July 27, 2011 assignment being invalid because of transfers that happened between the initial mortgage and the assignment to BNY Mellon. As alleged in the complaint, Plaintiffs assert that the mortgage was assigned from MERS to BNY Mellon on June 30, 2011, meaning that MERS had nothing to assign at the time of the written

assignment on July 27, 2011. Doc. No. 1-3 at 9. Plaintiffs received an automated message from MERS "stating that as of July 08, 2011, MERS no longer had any interest in Plaintiffs' mortgage." Id.

On March 31, 2016, Ditech completed a certification pursuant to 209 C.M.R. 18.21A(2) which listed one assignment, the July 27, 2011 assignment from MERS to BNY Mellon. Doc. No. 1-4 at 17. On May 3, 2016, BNY Mellon sent a Notice of Mortgage Foreclosure Sale to Antone Perreira. Doc. No. 1-4 at 18. On June 6, 2016, Plaintiffs filed an Amended Complaint in Bristol County Superior Court. Doc. No. 1-3 at 18. Defendants removed the action to this Court based on diversity jurisdiction. Doc. No. 1.

## DISCUSSION

When considering a motion to dismiss, the Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Dismissal for failure to state a claim is appropriate when the pleadings set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delhanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

1. *Declaratory judgment on the statutory remedy under Mass. Gen. Laws ch. 244, § 14*

Plaintiffs seek a declaratory judgment that the statutory remedy under Mass. Gen. Laws ch. 244, § 14 is not available here because MERS did not have the authority to transfer the mortgage as they were never a mortgagee. In their Response to the Motion to Dismiss, Plaintiffs assert that, because the mortgage states that it is "subordinate to Governing Law" and defines

"Applicable Law," MERS is not a proper mortgagee as that would violate Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118 (Mass. 2012).

MERS is unquestionably a proper mortgagee under First Circuit law. The First Circuit has noted that Massachusetts law allows the note and the mortgage to be held by different entities. Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 292 (1st Cir. 2013). "Under such an arrangement, the mortgagee is an equitable trustee who holds bare legal title to the mortgaged premises in trust for the noteholder. The noteholder possesses an equitable right to demand and obtain an assignment of the mortgage." Id. (citing U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 53 (Mass. 2011)) (citation omitted). "[W]hen held by separate parties, the mortgagee holds a bare legal interest and the noteholder enjoys the beneficial interest. The mortgagee need not possess any scintilla of a beneficial interest in order to hold the mortgage." Id. at 293 (citing Eaton, 969 N.E.2d at 1124) (citation omitted). The First Circuit has held that "MERS's role as mortgagee of record and custodian of the bare legal interest as nominee for the member-noteholder, and the member-noteholder's role as owner of the beneficial interest in the loan, fit comfortably with each other and fit comfortably within the structure of Massachusetts mortgage law." Id. Plaintiffs' citation to Eaton is inapposite as Culhane was decided after Eaton and took the Eaton decision into consideration. The First Circuit has chided Plaintiffs' attorney for this argument in the past, stating that he is attempting to "repackage 'old wine in a new bottle . . . we see no point in decanting it again.'" Serra v. Quantum Servicing Corp., 747 F.3d 37, 40 (1st Cir. 2014) (quoting Culhane, 708 F.3d at 294). MERS validly held the mortgage on the Perreiras property at the time of the assignment to BNY Mellon.

4

2. *Mass. Gen. Laws ch. 93A and Slander of Title*

As Plaintiffs themselves assert, their "claims for relief under Count II and Count III are wholly derivative of the Claims under Count I." Doc. No. 21 at 19. As they have no valid claim under Count I, they similarly have no valid claim under Counts II and III.

Plantiffs' Chapter 93A claim is predicated on the same theory as their statutory remedy claim, namely that the assignment was invalid so DiTech's certification of the assignment was an unfair and deceptive trade practice. The certification lists the proper assignment from MERS to BNY Mellon dated July 27, 2011, and recorded on October 27, 2011. Doc. No. 1-4 at 17. DiTech did not engage in any unfair or deceptive trade practices in certifying that there was a proper assignment.

Plaintiffs allege slander of title because Defendants "caused a false publication(s) to be publically recorded at the Bristol County Registry of Deeds that incorrectly states that the Defendant Trust currently has legal ownership of the defeasible fee title to Plaintiff's residence." Doc. No. 1-3 at 16. As discussed above, the recorded assignment was valid. Plaintiffs have no claim for slander of title.

3. *Declaratory judgment on whether the mortgage is obsolete under Mass. Gen. Laws ch. 260, § 33*

Plaintiffs seek a declaratory judgment that the mortgage was obsolete because BNY Mellon failed to enforce it within five years of the June 27, 2010, acceleration date. Under Mass. Gen. Laws ch. 260, § 33,

> A power of sale in any mortgage of real estate shall not be exercised and an entry shall not be made nor possession taken nor proceeding begun for foreclosure of any such mortgage after the expiration of, . . . in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage, or an acknowledgment or affidavit that the mortgage is not satisfied, is recorded before the expiration of such period.

The Massachusetts Supreme Judicial Court has stated that "the common meaning of the 'maturity date of the mortgage' is the date on which the underlying debt is due." Deutsche Bank Nat. Trust Co. v. Fitchburg Capital, LLC, 28 N.E.3d 416, 422 (Mass. 2015). The Supreme Judicial Court did not consider how an acceleration of payments would be considered under the statute. Plaintiffs are essentially arguing that the letter stating that "[i]f the default is not cured on or before June 27, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time" changed the maturity date of the mortgage to June 27, 2010. Doc. No. 1-4 at 6. If Plaintiffs are correct, then the mortgage would have been obsolete on June 27, 2015, five years later.

However, Plaintiffs' complaint fails to give rise to a reasonable inference that their mortgage was accelerated on June 27, 2010. The letter states only a then-present intent to accelerate the mortgage on June 27, 2010. Without more, and Plaintiffs have not alleged more other than a foreclosure occurring years later, they have failed to advance sufficient facts to support the inference that their mortgage was accelerated on June 27, 2010. In any event, the argument appears without legal merit as well. Plaintiffs cite no authority for the proposition that an acceleration of mortgage payments operates to change the expiration date of the mortgage obligations for the purposes of Mass. Gen. Laws ch. 260, § 33. The only case they do cite, Deutsche Bank, says nothing about this legal question. To the contrary, "[t]he statute on its face also does not support the [Plaintiffs'] position, as it makes no mention of shortening the period due to acceleration of the note." Hayden v. HSBC Bank USA, N.A., 2016 WL 5746357, at *3 (Sept. 30, 2016). Count IV is dismissed.

CONCLUSION

Defendants' Motion to Dismiss, Doc. No. 17, is ALLOWED. Because Plaintiffs' claims are dismissed in full, the Court will not address Defendants other arguments.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge